**Fatmira VELJOVIC, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–5909–ag.**

United States Court of Appeals, Second Circuit.

May 15, 2006.

Richard Tarzia, Belle Mead, New Jersey, for Petitioner.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Jo Ann Navickas, Evan Williams, Assistant United States Attorneys, Brooklyn, New York, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. SONIA SOTOMAYOR, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 15th day of May, Two thousand and six.

UPON DUE CONSIDERATION of this petition for review of an order of the Board of Immigration Appeals ("BIA"), it is ORDERED, ADJUDGED, AND DE-CREED that the petition for review is DENIED.

Petitioner Fatmira Veljovic ("Veljovic") petitions for review of an October 22, 2004 final order of removal of the Board of Immigration Appeals ("BIA") affirming and adopting, in part, the decision of immigration judge ("IJ") Joseph A. Russelburg, denying her application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the facts and procedural history of the case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Because the BIA chose not to address the IJ's adverse credibility finding, this Court reviews the case under the substantial evidence standard addressing only the IJ's reasons for determining that Veljovic had failed to establish past persecution and an objectively reasonable basis to fear future persecution.

■ Substantial evidence supports the IJ's and BIA's determinations that Veljovic did not establish a claim of past persecution based on a protected ground. Veljovic's claim of past persecution rests on the "persecution" her father experienced and the house searches her family endured. However, as noted by the BIA, Veljovic did not provide any evidence to show that she was *specifically* targeted during these searches or that she suffered any specific persecution as a result of her pro-Albanian or pro-Democratic League activities. Significantly, Veljovic testified that she herself never suffered any repercussions for her participation in meetings or rallies and that she was never arrested or beaten as a result of her activities. Moreover, as the BIA stated, Veljovic's fear that the Serbian police wanted to "rape" her, which she derived from a conversation between her parents which she "overheard," is "vague and non-specific" and is insufficient to establish a claim of past persecution on account of her participation in a protected activity. *See Qiu v. Ashcroft,* 329 F.3d 140, 151 (2d Cir.2003). Finally, aside from a single threat Veljovic alleged was made toward her and her family, Veljovic brings forth no specific evidence of past persecution against her. *See Tian–Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004) (noting that persecution must rise above "mere harassment").

■ Moreover, substantial evidence supports the IJ's and BIA's determinations that Veljovic did not establish a well founded fear of future persecution. Veljovic herself testified that, after the incident in September 2001, there were no more visits or searches of her family's home by the authorities. In addition, both

the IJ and BIA properly relied on evidence that country conditions have improved in recent years in Montenegro to support their conclusion that Veljovic did not establish an objective fear of future persecution. Significantly, in her brief to this Court, Veljovic herself concedes that conditions in Montenegro have improved since her departure.

With respect to Veljovic's claim that the BIA did not consider all of the evidence in the record, there is nothing to indicate that the BIA overlooked any evidence in the record that may have supported Veljovic's claims. Moreover, the IJ and BIA also properly noted Veljovic's failure to provide sufficient evidence to support her claims. A failure to corroborate may, on its own, lead to a claim's denial based on sufficiency of the evidence as opposed to credibility. *See Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000). Before denying Veljovic's claim for failure to corroborate her testimony, the IJ properly identified the particular pieces of missing, relevant evidence, and explained why this evidence—testimonials from her family and from the Democratic League—was reasonably available to Veljovic. *Id.* at 289–90; *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir.2003); *see also Zhou Yun Zhang v. INS*, 386 F.3d 66, 71 (2d Cir.2004).

Because Veljovic failed to meet the standard for asylum, it follows that she cannot meet the higher standard of proof for withholding of removal. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). Accordingly, the IJ properly denied this claim as well. Finally, because Veljovic failed to raise her CAT claim before this Court, this claim is waived, and is not considered by this Court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542

n. 1, 546 n. 7 (2d Cir.2005) (holding that an issue is waived where it is not raised before this Court).

For the foregoing reasons, the petition for review is DENIED.